IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE PEOPLE OF THE STATE
OF MARYLAND, *et al.*,          *

    Plaintiffs,                 *

    v.                          *          Civil Action No. PX 16-3426

THE TERRITORY OF MARYLAND, *et al.*,   *

    Defendants.                 *
                                  ******

**MEMORANDUM OPINION**

Currently pending before the Court are Defendants' unopposed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Nos. 8, 23, and 26).[1] The Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons set forth below, the Court will GRANT Defendants' Motions to Dismiss.

### I.    BACKGROUND[2]

This matter arises out of foreclosure proceedings in the Circuit Court for Prince George's County, Maryland, Case No. CAEF-15-20470 (the "Foreclosure Action") filed with respect to the property located at 6711 Sand Cherry Way, Clinton, Maryland 20903 (the "Property"). *See* ECF No. 1-1. A copy of the Foreclosure Action docket is attached to this opinion.

---

[1] In accordance with *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), the Court notified Plaintiffs of their right to file responsive pleadings with supporting materials. *See* ECF Nos 15, 24, 27. The deadlines have passed and the Court has no record that Plaintiffs have filed any responses.

[2] In considering Defendants' Motions to Dismiss, the Court relies upon the facts alleged in the Complaint, materials attached thereto, as well as matters of public record. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); Fed. R. Civ. P. 10(c). All facts are viewed in the light most favorable to Plaintiffs.

On August 3, 2015, foreclosure proceedings commenced against Plaintiffs Clifford Lee Massey and Marilyn Lovette Panda-Massey (collectively "Plaintiffs" or the "Masseys"), in the Circuit Court for Prince George's County. *See* Foreclosure Action Docket, Entry 1. After related proceedings to include mediation, the Circuit Court ordered the foreclosure sale. *See* Foreclosure Action Docket, Entry 14. Plaintiffs thereafter sought to remove the Foreclosure Action to this Court. *See Ward v. Massey*, No. 8:16-cv-01530-DKC. On June 9, 2016, this Court remanded the Foreclosure Action for want of jurisdiction. *See Ward v. Massey*, No. DKC 16-1530, 2016 WL 3196679 (D. Md. June 9, 2016).

Then, on September 16, 2016, Plaintiffs proceeding *pro se*, filed the instant action in the Circuit Court for Prince George's County, Maryland. ECF No. 2, naming corporate defendants BWW Law Group, GMAC Mortgage, Blank Rome LLP, EverBank, JPMorgan Chase Bank, NA ("Chase"), and Ocwen Loan Servicing LLC ("Ocwen"), the Territory of Maryland, and individual defendants Lori Hester, Nicholas Derdock, Jr, Sydney J. Harrison, Melvin C. High, Larnzell Martin, Jr., James R. Billings-Kang, Judges Mary Ellen Barbera, Leo F. Green, Peter B. Krauser, Crystal D. Mittlestaedt, Karen H. Masonm and Toni E. Clarke, and Maryland Attorney General Brian E. Frosh (collectively, "Defendants"). Defendants Billings-Kang, Ocwen, and Everbank then properly removed the action to this Court on October 13, 2016. ECF No. 1.

Plaintiffs' Complaint, although difficult to decipher, alleges that all Defendants acted improperly in either enforcing an invalid lien or participating in the Foreclosure Action. Plaintiffs contend that they were gifted the Property when "born under the Maritime Law, pursuant to Internal Revenue Code 21.7.13.3.2.2." ECF No. 2 at 1. Plaintiffs further allege that Defendants Derdock, Chang, and Billings-Kang in the Foreclosure Action filed a fraudulent summons and complaint because the attorneys did not provide "proof of delegation of authority

or jurisdiction of any kind" over Plaintiffs' estate and thus, the Property. ECF No. 2-3 at 2. Plaintiffs contend that all Defendants are acting in concert to unlawfully and fraudulently enforce an invalid lien. ECF No. 2-3 at 2.[3] Plaintiffs also claim to bring this action against all Defendants for "following the orders of a criminal enterprise," specifically for committing the federal criminal offense of "breach of public trust/fraud upon the court," citing 18 U.S.C. §§ 241 and 242, by having "meddled in [their] estate without authorization" as "Executors De Son Tort." ECF No. 2 at 1. Plaintiffs seek a Writ of Mandamus, dismissing the Foreclosure Action and enjoining various state employees from proceeding in the Foreclosure Action. ECF No. 2 at 2.

On October 18, 2016, Billings-Kang, EverBank, and Ocwen filed a joint Motion to Dismiss. ECF No. 8. On October 27, 2016, BWW Law Group and Derdock also filed a joint Motion to Dismiss, ECF No. 23, and Chase filed its Motion to Dismiss on November 4, 2016. ECF No. 26. For the reasons that follow, the Motions are GRANTED.

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). Plaintiffs are proceeding *pro se*, and their Complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiffs from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). As the Fourth Circuit made clear:

---

[3] According to the docket of the foreclosure action, Derdock and Chang entered their appearances in the action; Billings-Kang does not appear on that docket, however Billings-Kang represented the substitute trustees in this Court after Plaintiffs attempted to remove the case. *See Carrie M. Ward, et al., v. Clifford L. Massey et al.*, No. 8:16-cv-01530-DKC.

3

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A district court may *sua sponte* dismiss a complaint for failure to state a claim, and where the face of a complaint plainly fails to state a claim for relief, the district court has "no discretion but to dismiss it." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006) (internal quotations omitted).

When a plaintiff alleges fraud or "the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud," Rule 9(b) of the Federal Rules of Civil Procedure requires that such claims be pleaded with particularity. *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (quoting *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000); Fed. R. Civ. P. 9(b)). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks and citation omitted). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id.* (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 384 (5th Cir. 2003)). This requirement affords the Defendants notice of the basis for the plaintiff's claim, safeguards against frivolous suits, and minimizes the risk of unwarranted damage to the defendant's reputation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citation omitted). Fraud allegations that fail to comply with Rule 9(b) must be dismissed pursuant to Rule 12(b)(6). *Id.* at 783 n.5.

### III. DISCUSSION

**A. Claims on behalf of "The People of the State of Maryland, ex. rel."**

The Complaint purports to bring claims on behalf of "The People of the State of Maryland, ex. rel." for "the benefit of the public trust." ECF No. 2-3 at 1. Pro se individuals "may only represent themselves" in actions before this Court. Local Rule 101(a). *Accord Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) (affirming district court dismissal of complaint and holding that father had no right to litigate claim *pro se* on behalf of his children); *Fowler v. Lee*, 18 F. App'x 164 (4th Cir. 2001) (pro se litigant cannot represent a

class); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (same). Thus, all claims on behalf of "The People of the State of Maryland" are dismissed.

### B. Violations of 18 U.S.C. §§ 241 and 242

Plaintiffs allege that Defendants committed criminal violations of 18 U.S.C. §§ 241 and 242. 18 U.S.C. § 241 prohibits two or more persons conspiring to "injure, oppress, threaten, or intimidate" any person "in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States," while 18 U.S.C. § 242 prohibits deprivation of any rights or privileges protected by the Constitution or laws of the United States "on account of such person being an alien, or by reason of his color, or race." Neither provides a civil cause of action. *See Grant v. Prince George's Cty. Dep't*, No. DKC 15-2433, 2016 WL 3541239, at *5 (D. Md. June 29, 2016) ("It is beyond the court's purview in this civil matter to provide relief under criminal statutes.") (citing *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")) (dismissing claims under 18 U.S.C. §§ 241–242); *see also Robertson v. Foster*, No. ELH-16-3610, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) (dismissing civil claims under 18 U.S.C. §§ 241–242). Accordingly, these claims must be dismissed.

### C. The Invalidity of the Lien and the Jurisdiction of the Maryland State Court over the Foreclosure Action

Plaintiffs' individual claims arise from their basic contention that the lien giving rise to the foreclosure proceedings on their real property is invalid. Plaintiffs refer to an array of divergent and disconnected legal theories, including that they were gifted an estate when "born under the Maritime Law, pursuant to Internal Revenue Code 21.7.13.3.2.2," which concerns the

tax treatment of infant decedents who do not yet have a social security number.[4] ECF No. 2 at 1; *see also* ECF No. 2-4 at 2–3. Further, according to Plaintiffs, any action to enforce the lien is unlawful due to lack of jurisdiction over the Property. ECF No. 2-3 at 2.

This reference to the IRS manual, like Plaintiffs' other allegations, does nothing to upset the validity of a lien or a state court's jurisdiction to adjudicate a foreclosure action. "The subject matter of mortgage foreclosure in Maryland has always been within the ordinary jurisdictional power of the equity courts, independently of any consent by the mortgagor, or provisions of the mortgage." *Saunders v. Stradley*, 25 Md. App. 85, 91 (1975); *accord id.* at 95 ("[T]he delivery of the order to the clerk . . . gives the equity court jurisdiction over the mortgaged property when a power of sale is being exercised."). Likewise, reference to Maritime Law does nothing to advance Plaintiffs' claims. At bottom, Plaintiffs have provided no substantive allegations that would implicate the legality of foreclosure on the Property following default on the mortgage loan. *See Okoro v. Wells Fargo Bank, N.A.*, No. PX 16-0616, 2016 WL 5870031, at *11 (D. Md. Oct. 6, 2016), *aff'd*, No. 16-2274, 2017 WL 1291278 (4th Cir. Apr. 7, 2017); *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 464 (D. Md. 2013). Accordingly, Plaintiffs' claims challenging the validity of the lien fail as a matter of law.[5]

---

[4] Because this section of the Internal Revenue *Code* does not exist, the Court will construe the Complaint as referring to Section 21.7.13.3.2.2 of the Internal Revenue *Manual.* This section of the Internal Revenue Manual, entitled "Taxpayer Identification Number," provides that "[t]here will be rare occasions" where a grantor or custodian of a domestic trust/estate will not have a social security number, including when "[a]n infant is the decedent of an estate or grantor, owner, custodian or trustor of a trust, guardianship, receivership or custodianship that has yet to receive a [social security number]." Internal Revenue Manual, 21.7.13.3.2.2 - Taxpayer Identification Number (Form SS-4, Line 7b or Line 9a) (05-31-2016).

[5] The frivolity of Plaintiffs' allegations alone is a basis for dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"); *Cush-El v. State*, No. 1:16-CV-176, 2016 WL 1212427, at *2 (M.D.N.C. 10 Mar. 2016) (recommending dismissal of complaint wherein "[p]laintiff

### D. RICO Claim under 18 U.S.C. § 1962

Liberally construing the Complaint, Plaintiffs also assert that all Defendants violated the civil RICO statute, 18 U.S.C. § 1961 *et seq.*, by "engag[ing] in acting under the color of law either indirectly or direct by following the orders of a criminal enterprise" through participating the Foreclosure Action. ECF No. 2 at 1. To sustain a civil RICO claim, Plaintiffs must allege a pattern of racketeering activity or the collection of an unlawful debt. *See* 18 U.S.C. § 1962(a). Specifically, "a pattern of racketeering activity," constitutes at least two enumerated predicate acts of criminal conduct set forth in § 1961(1). *See Sparrow v. Bank of Am., N.A.*, No. CIV. JFM-14-0388, 2014 WL 4388350, at *7 (D. Md. Sept. 4, 2014) (citing 18 U.S.C. § 1341; 18 U.S.C. § 1342; 18 U.S.C. § 1956, § 1957, et seq.), *aff'd sub nom.*, 600 F. App'x 187 (4th Cir. 2015).

Plaintiffs fail to aver that Defendants committed any of the enumerated predicates act under § 1961(1). Plaintiffs' claims of common law fraud will not suffice. *Id.* (citing *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 242 (2d. Cir. 1999)). The only other plausible asserted legal theory would be that the foreclosure action constitutes collection of an unlawful debt. However, section 1961(6) makes plain that the claimed "unlawful debt" must be "(A) . . . unenforceable under State or Federal law in whole or in part as to the principal or interest because of the laws relating to usury, and (B) which was incurred in connection with . . . the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate." 18 U.S.C. § 1961(6); s*ee Day v. DB Capital Group, LLC*, No. DKC–10–1658, 2011 WL 887554, at *13 (D. Md. Mar. 11, 2013) (citing *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 481 (D. Md. 2009)).

---

recites claims that consist largely of incomprehensible ramblings composed of commercial and legal doctrines"), *rep. & recomm. adopted*, 2016 WL 1228626 (Mar. 28, 2016).

Plaintiffs' Complaint is devoid of any facts supporting that the mortgage debt on the Property meets the requirement of § 1961(c). Accordingly, Plaintiffs' RICO claims cannot be sustained.

### E. "Executor De Son Tort"

Plaintiffs claim that by "meddling" in their estate without authorization, all Defendants are "Executors De Son Tort." ECF No. 2 at 1. An executor de son tort is one who interferes with a decedent's estate absent lawful authority and performs acts properly belonging to the estate's administrator. *See* 10 M.L.E. Executors and Administrators § 210; *see generally Safe Deposit & Trust Co. of Baltimore v. Coyle*, 133 Md. 343, 105 A. 308, 310 (1918); *Rockwell v. Young*, 60 Md. 563, 567 (1883). This legal concept has no place here because this action does not involve the administration of a decedent's estate, let alone an executor's unauthorized intermeddling. Thus, Plaintiffs' claims of executor de son tort also fail.

### F. Fraud

Plaintiffs also generally claim fraud regarding false representations in the foreclosure proceedings. ECF No. 2-3 at 2–3, but fail to state the claim with particularity. *See* Fed. R. Civ. P. 9(b). Specifically, Plaintiffs do not set out "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation and internal quotation marks omitted). Accordingly, the claims sounding in fraud are dismissed.

### G. Writ of Mandamus

Plaintiffs petition the Court for a writ of mandamus against all Defendants, "as public officials, and agents to the United States," (1) seeking an injunction against the Circuit Court for Prince George's County for lack of jurisdiction; and (2) demanding dismissal and quashing of

9

service of process of the Summons and Complaint filed in the Foreclosure Action. ECF No. 2-3 at 1–2. Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Accordingly, this Court's authority to issue a writ of mandamus extends only to federal officers, employees, or agencies. *See* 28 U.S.C. § 1361; *AT & T Wireless PCS, Inc. v. Winston–Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 (4th Cir. 1999). The Court is without the power to compel, via writ of mandamus, any of the Defendants in this action, as they are state officials, private individuals, or private corporations. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (state officials); *Simon v. Court Reporter*, No. C/A 9:09-893-CMC-BM, 2009 WL 2029978, at *2 (D.S.C. July 13, 2009) (private individual); *Skelton v. Family Servs., Inc.*, No. C.A. 2:09-847MBS, 2009 WL 1346133, at *4 (D.S.C. May 8, 2009) (private company). The Court therefore denies Plaintiffs' request for a writ of mandamus.

**H.     Dismissal of all Defendants**

A number of individually named Defendants have failed to participate in this action, and after reviewing the Complaint, their non-participation is sound. Where, as here, a Plaintiff plainly fails to allege facts in a complaint setting forth a plausible claim for relief against a defendant, a district court may *sua sponte* dismiss the defendant from the case. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("[A] district court may *sua sponte* dismiss a complaint for failure to state a claim. . . . Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.") (citing 5A Wright & Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)); *Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010)

("While the district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."). Because the Plaintiffs' plead identical allegations against all named Defendants in an equally deficient manner, the Complaint will be dismissed in its entirety.

## IV. CONCLUSION

Accordingly, this Court will GRANT the Defendants' motions to dismiss and will DISMISS this case. A separate order will follow.

| | |
|---|---|
| _5/4/2017_ | _/S/_ |
| Date | Paula Xinis |
| | United States District Judge |

## Circuit Court of Maryland

[Go Back Now](#)

**Case Information**

Court System: **Circuit Court for Prince George's County - Civil System**
Case Number: **CAEF15-20470**
Case Description: **WBGLMC vs Massey**
Case Type: **Property**
Filing Date: **08/03/2015**
Case Status: **Reopen**

**Defendant/Respondent Information**

Party Type: **Defendant**   Party No.: **2**
Name: **Clifford L Massey**
Address: **6711 Sand Cherry Way**
City:   **Clinton**   State: **MD**   Zip Code: **20735**
Party Type: **Defendant**   Party No.: **3**
Name: **Marilyn L. Panda-Massey**
Address: **6711 Sand Cherry Lane**
City:   **Clinton**   State: **MD**   Zip Code: **20735**

## Attorney Information

Name:         **Edward W Chang**
Attorney Type: **Attorney**
Address:
City:            State:    Zip Code:
Name:         **Nicholas Derdock**
Attorney Type: **Attorney**
Address:      **BWW Law Group LLC**
City:         **Rockville**   State: **MD**   Zip Code: **20852**

**Other Party Information**

Party Type: **Substitute Trustee**   Party No.: **1**
Name: **Ward, Bierman, Geesing, Lele, Monto and Coleman**

**Dockets**

*(Each Document listed. Documents are listed in Document No./Sequence No. order)*
Date:         **08/03/2015**
Document Name: **CaseType: Foreclos of Deed Tr**
Docket Text:

Date:         **08/03/2015**
Document Name: **Forclsure Eligible for Mediatn**
Docket Text:

Date:         **08/03/2015**
Document Name: **Order To Docket Foreclosure Fd**
Docket Text: **001 Proceeding to forc d/t on liber31964 folio619 with attachments FD/RJA 08/04/2015**

Date:         **08/03/2015**
Document Name: **Forclsure/Prel Loss Mitgtn Aff**
Docket Text:    **002 FD/RJA 08/04/2015**

Date:         **08/18/2015**

| | |
|---|---|
| Document Name: | **Affidavit of Service, fd** |
| Docket Text: | 004 fd. kbp e 8-21-15 |

| | |
|---|---|
| Date: | 08/26/2015 |
| Document Name: | **Answer filed** |
| Docket Text: | 007 fd./va E;9/3/15 tagged for civil paralegal |

| | |
|---|---|
| Date: | 08/26/2015 |
| Document Name: | **Proof of Service, Filed.** |
| Docket Text: | 008 as to Carrie M. Ward,fd./va E;9/3/15 |

| | |
|---|---|
| Date: | 08/24/2015 |
| Document Name: | **Line, filed** |
| Docket Text: | 005 Third Party Intervention,fd./va E;9/3/15 Tagged civil paralegal |

| | |
|---|---|
| Date: | 08/24/2015 |
| Document Name: | **Proof of Service, Filed.** |
| Docket Text: | 006 as to Carrie M. Ward,./va e;9/3/15 |

| | |
|---|---|
| Date: | 08/03/2015 |
| Document Name: | **Not:Substitution of Parties,fd** |
| Docket Text: | 003 substitution of trustee,fd./va E;9/22/15 |

| | |
|---|---|
| Date: | 10/07/2015 |
| Document Name: | **Read by Chambers/No Action Req** |
| Docket Text: | 009 Defendant's Answer to Complaint reviewed in the chambers of Toni Clarke, No action required,fd.acc |

| | |
|---|---|
| Date: | 10/21/2015 |
| Document Name: | **Forclsure/Finl Loss Mitgtn Aff** |
| Docket Text: | 010 fd/keh 10/26/2015 |

| | |
|---|---|
| Date: | 11/02/2015 |
| Document Name: | **Forclsure/Mot Req for Mediatin** |
| Docket Text: | 011 fd,amk |

| | |
|---|---|
| Date: | 12/17/2015 |
| Document Name: | **Forclsure/Med Comp No Agrmnt** |
| Docket Text: | 012 fd,amk |

| | |
|---|---|
| Date: | 12/24/2015 |
| Document Name: | **Forclsure/Mediation Reprt Recd** |
| Docket Text: | 013 fd,amk |

| | |
|---|---|
| Date: | 01/06/2016 |
| Document Name: | **Order of Court, filed** |
| Docket Text: | 014 Order of Court dated 01/04/16, Judge Mittelstaedt, Ordered, that the secured party may schedule the foreclosure sale, subject to the right of the borrower to file a motion pursuant to rule 14-211 to stay the sale and dismiss the action,fd.amk cc n derdock esq, c massey, m panda-massey |

| | |
|---|---|
| Date: | 01/29/2016 |
| Document Name: | **Notice, filed** |
| Docket Text: | 015 ljs,e2-4-16 Notice of Citizenship (Civil Paralegal) |

| | |
|---|---|
| Date: | 01/29/2016 |
| Document Name: | **Notice, filed** |
| Docket Text: | 016 ljs,e2-4-16 Notice of Assumed Name Certification (Civil Paralegal) |

| | |
|---|---|
| Date: | 05/17/2016 |
| Document Name: | **Notice of Removal, fd** |
| Docket Text: | 017 fd.mdm e 5-18-16 |

| | |
|---|---|
| Date: | 06/23/2016 |
| Document Name: | **Line, filed** |

| | |
|---|---|
| Docket Text: | 018 fd.rg writ of error e07-01-16 |
| Date: | 06/24/2016 |
| Document Name: | Line, filed |
| Docket Text: | 019 Revocation of power of attorney fd.kss e07/05 |
| Date: | 06/27/2016 |
| Document Name: | Line, filed |
| Docket Text: | 020 Writ of error fd.kss e07/12 |
| Date: | 06/30/2016 |
| Document Name: | Line, filed |
| Docket Text: | 021 writ of error fd.kss e07/12 |
| Date: | 07/11/2016 |
| Document Name: | Letter, filed. |
| Docket Text: | 022 Letter from the United State District Court, District of Maryland fd.kss e07/12 |
| Date: | 07/12/2016 |
| Document Name: | Reopen: Ord Remand US DC,fd |
| Docket Text: | |
| Date: | 07/12/2016 |
| Document Name: | Line Entering Appearance, Fd. |
| Docket Text: | 023 entering appearance of James R. Billings-Kang for Plaintiffs fd.mdm e 07/15/16 |
| Date: | 07/12/2016 |
| Document Name: | Opp: Pet:Writ of Err CoNob, fd |
| Docket Text: | 024 opposition to writ of error fd.mdm e 07/15/16 |
| Date: | 08/12/2016 |
| Document Name: | Substitution of Counsel, fd |
| Docket Text: | 025 entering appearance of Edward Chang of Blank Rome LLP for Plaintiffs and strike appearance of James R. Billings-Kang fd.mdm e 08/15/16 |
| Date: | 06/30/2016 |
| Document Name: | Line, filed |
| Docket Text: | 026 writ of error fd.mdm e 08/15/16 |
| Date: | 09/01/2016 |
| Document Name: | Line, filed |
| Docket Text: | 027 judicial notice fd.mdm e 09/06/16 |
| Date: | 09/09/2016 |
| Document Name: | Bond Approved and Filed. |
| Docket Text: | 028 bond no. L184854 fd.mdm e 09/13/16 |
| Date: | 09/13/2016 |
| Document Name: | Line, filed |
| Docket Text: | 029 mandatory judicial notice fd.mdm e 09/15/16 |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*